IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JARREL DISMUKES,            )
                            )
            Petitioner,     )
                            )
      v.                    )   No. 16 C 11720
                            )
ROBERT MUELLER,             )
                            )
            Respondent.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Jarrel Dismukes' (Dismukes) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

In December 2013, following a bench trial in state court Dismukes was convicted of unlawful possession of a weapon by a felon and aggravated unlawful use of a weapon, and was found to be an armed habitual criminal. Dismukes was sentenced to fourteen years in prison. Dismukes filed an appeal and in June 2016 his sentence was affirmed. Dismukes then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied in September 2016. Dismukes

1

contends that he filed a post-conviction petition, which was denied. Dismukes further contends that he appealed the denial, and the trial court was affirmed in June 2016, and that a subsequent PLA was denied. In December 2016, Dismukes filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but

unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Dismukes' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Dismukes fails to specifically indicate in his Petition, the claims he is seeking to pursue in the Petition. Dismukes has, however, attached a copy of what appears to be his PLA to his Petition. The court will therefore liberally construe the Petition to present the two claims that were included in the PLA. Dismukes argues: (1) that a concurrence or dissent in an Illinois Appellate Court decision should require a published opinion whenever its author so requests (Claim 1), and (2) that this court should interpret certain statutory language in 730 ILCS 5/5-4.5-50(c) and address Illinois constitutional matters (Claim 2).

I. Claim 1

Dismukes argues in Claim 1 that a published decision should be required when there is a concurrence or dissent in an Illinois Appellate Court decision if the

author requests publication. Justice Hyman wrote a concurring opinion in the Illinois Appellate Court decision affirming Dismukes' sentence. *People v. Dismukes*, 2016 WL 3421249, at *3 (Ill. App. Ct. 2016). In Claim 1, Dismukes adopts the statement made in that concurring opinion that when there is a concurring or dissenting opinion, the opinion should be a published opinion if the author requests and that the determination should not be based on the preference of the majority on the panel. *Id.* at *4. Whether or not a state court decision in a case should be a published opinion or unpublished opinion is an administrative matter for the state court. To the extent that the issue raises any legal issues, it raises only state law issues. In Dismukes PLA on direct appeal, which again is the document attached to present his arguments in the instant Petition, Dismukes argues that a determination needs to be made whether the publication policies of the Illinois Appellate Court comply with Illinois Supreme Court Rule 23. (Pet. 8). Dismukes raised no arguments regarding federal constitutional rights. The decision of the appellate court to issue an unpublished opinion does not raise any federal claim and is not a cognizable claim for federal review. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004)(stating that "[t]he remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene"); *see also Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)(explaining that "[i]n those cases, the state court judgment rests on an

independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction"). Claim 1 is therefore not a cognizable claim. In addition, to the extent that Dismukes failed to raise Claim 1 through one complete round of the state appellate process, it is procedurally defaulted and Dismukes has not shown that the default should be excused. *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).

II. Claim 2

Dismukes argues in Claim 2 that this court should interpret certain statutory language in 730 ILCS 5/5-4.5-50(c) and address Illinois constitutional matters. The interpretation of the meaning of a state statute is a matter of state law. *See, e.g., Fidlar Acquisition Co. v. First Am. Data Tree LLC*, 2016 WL 1259377, at *5 (C.D. Ill. 2016)(explaining that "[t]he legal questions of statute and contract interpretation presented arise entirely under Illinois law, so the Court must interpret and apply this law as the Illinois Supreme Court would do"); *PNC Bank, N.A. v. Van Hoornaar*, 44 F. Supp. 3d 846, 854 (E.D. Wis. 2014)(stating that "interpretation and application of Wisconsin statutes is a question of law for the Wisconsin courts"). Thus, Claim 2 is likewise not a cognizable claim. In addition, to the extent that Dismukes failed to raise Claim 2 through one complete round of the state appellate process, it is procedurally defaulted and Dismukes has not shown that the default should be

5

excused.

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Dismukes has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Dismukes shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Dismukes decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 16, 2017